UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL BOWEN,

    PLAINTIFF,

v.                                              CASE NO. 06-14964

COMMISSIONER OF SOCIAL SECURITY,    HONORABLE SEAN F. COX

    DEFENDANT.
_____/

## OPINION & ORDER
## ACCEPTING AND ADOPTING REPORT & RECOMMENDATION

This social security appeal is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Steven Whalen on November 27, 2007, relating to the parties' cross-motions for summary judgment. In the R&R, Magistrate Judge Whalen recommends that the Commissioner's motion be granted and that the Plaintiff's motion be denied. For the reasons that follow, the Court overrules the objections filed by Plaintiff and shall adopt the R&R in its entirety.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §405(g) challenging a final decision of Defendant Commissioner denying his application for disability insurance benefits under the Social Security Act. Thereafter, both parties filed cross-motions for summary judgment, which were referred to Magistrate Judge Whalen pursuant to 28 U.S.C. §636(b)(1)(B) & (C). On November 27, 2007, Magistrate Judge Whalen issued his R&R which recommends that Plaintiff's Motion for Summary Judgment be denied. It further recommends that Defendant's Motion for Summary Judgment be granted because the final decision of the Commissioner was

1

supported by substantial evidence.

Pursuant to FED. R. CIV. P. 72(b), a party objecting to the recommended disposition of a matter by a Magistrate Judge must filed objections to the R&R within ten (10) days after being served with a copy of the R&R. "The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made." *Id*.

Plaintiff filed timely[1] objections to the R&R on December 14, 2007.

ANALYSIS

Plaintiff asserts several different objections to Magistrate Judge Whalen's November 27, 2007 R&R.

Plaintiff first objects to Magistrate Judge Whalen's concurrence with the ALJ's determination regarding credibility. Plaintiff asserts that the "Magistrate Judge concurred with the ALJ herein, who determined that the 'claimant's subjective complaints have been given full consideration and lack credibility, as they are out of proportion to the objective evidence.' (Tr. 18)." (Pl.'s Objs. at 2). "Plaintiff disagrees with the Magistrate Judge and submits that the ALJ did not have substantial evidence for this finding." *Id.*

The Court finds Plaintiff's objections regarding the ALJ's credibility determination to be without merit. As the R&R acknowledged, under the law of this circuit, the ALJ's credibility determinations are "entitled to considerable deference." *See e.g., Howard v. Commissioner of Social Security*, 276 F.3d 235, 242 (6th Cir. 2002). The ALJ's decision contained specific

---

[1] Plaintiff requested, and was granted, a three day extension for filing his objections. (*See* Docket Entry No. 19).

reasons for his credibility findings and cited evidence in the record to support those findings. (Admin. Record at 18-19). This Court agrees with Magistrate Judge Whalen that substantial evidence supports the ALJ's credibility determination.

Plaintiff also asserts that the Magistrate Judge erred in not accepting Plaintiff's argument that the ALJ failed to give sufficient weight to the Veterans Administration's ("VA") finding that Plaintiff was disabled. Plaintiff acknowledges that the VA's determinations are not binding on the Commissioner. He argues, however, that "the VA's evaluation and opinion should have at least been analyzed, assessed and/or considered in some way." (Pl.'s Objs. at 7).

Contrary to Plaintiff's suggestion that the ALJ simply ignored the VA's determination, the record indicates that the ALJ acknowledged that determination, noted that it was not binding, but nevertheless went on to explain his reasons for finding the VA's determination unpersuasive as to the determination at issue. (*See* Admin. Record at 19). The Court therefore finds this objection without merit.

The Court also finds Plaintiff's objection that the ALJ failed to fully acknowledge his mental limitations to be without merit. Plaintiff asserts that the ALJ should have added to the hypothetical question that the claimant often suffers from deficiencies in concentration and pace. The ALJ noted that the vocational expert, Dr. Douglass, had found that Plaintiff's ability to carry out detailed instructions, concentrate for extended periods, and work within a schedule were moderately impaired. (Admin. Record at 18). As the R&R noted, however, despite finding those moderate limitations, Dr. Douglass expressly stated that the presence of those impairments did not prevent Plaintiff from performing "simple tasks on a sustained basis." (*See* R&R at 15; Admin. Record at 99). Moreover, the ALJ stated that "the evidence indicates that over time,

3

[Plaintiff's] condition has actually improved since Dr. Douglass made his assessment." (Admin. Record at 18). The Court agrees that the hypothetical question adequately reflected Plaintiff's relevant limitations. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). The Court therefore concludes that this objection, as well as Plaintiff's remaining objections, lack merit.

## CONCLUSION & ORDER

For the reasons above, the Court ADOPTS the November 27, 2007 R&R in its entirety. IT IS ORDERED that Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is GRANTED. IT IS FURTHER ORDERED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

                                                                S/Sean F. Cox
                                                                Sean F. Cox
                                                                United States District Judge

Dated: February 12, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 12, 2008, by electronic and/or ordinary mail.

                                                                S/Jennifer Hernandez
                                                                Case Manager